## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**HOWARD BAILEY,**
        **Plaintiff,**

**v.**                                                      **Case No: 5:08cv22/RS/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**
_____

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Bailey's applications for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.


## PROCEDURAL HISTORY

Plaintiff, Howard Bailey, filed applications for benefits claiming an onset of disability as of May 7, 2003.  The applications were denied initially and on

reconsideration, and Mr. Bailey requested a hearing before an administrative law judge (ALJ). A hearing was held on September 12, 2006 at which Mr. Bailey was represented by counsel and testified. A vocational expert also testified. The ALJ entered an unfavorable decision (tr. 17-12) and Mr. Bailey requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (tr. 4-7). The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).

This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ held that Mr. Bailey had severe impairments of (1) hepatitis C, (2) acute epistaxis, (3) thrombocytopenia, (4) hypertension (controlled), (5) gastroesophageal reflux disease (controlled), and (6) a history of alcohol abuse, but that he did not have an impairment that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; that he had the residual functional capacity to lift and carry up to 10 pounds frequently and 20 pounds occasionally, to stand and walk up to six hours in an eight hour day, to sit for up to six hours in an eight hour day but could not climb or be around unusual workplace hazards; that he was unable to perform his past relevant work as a fast food cook, laborer or construction worker; that he was 51 years old with a limited education but ability to communicate in English; that he had the residual functional capacity to perform jobs that exist in significant numbers in the national economy; and that he was not disabled as defined in the Act.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d

1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.912 (2005) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2005) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1.  Is the individual currently engaged in substantial gainful activity?

2.  Does the individual have any severe impairment?

3.  Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.  Does the individual have any impairments which prevent past relevant work?

5.  Do the individual's impairments prevent any other work?

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987). If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

The ALJ found, with record support, that Mr. Bailey had a number of severe impairments.  In the instant appeal he has concentrated only on his hepatitis C, which he claims causes profound fatigue and weakness.  Therefore, the following medical abstract will concentrate on that condition except where otherwise relevant.

Mr. Bailey claims the onset of his disability as of May 7, 2003.  Five days after that date, on May 12, 2003, he appeared at the Campbellton-Graceville Community Clinic ("clinic") with elevated blood pressure, reporting dizziness on and off for the last two months, sometimes as much as two times a week.  He stated that he thought the heat affected him because when he got out of the heat he felt better.  He was examined at the clinic and diagnosed with high blood pressure, heat exhaustion and chest pain (tr. 167).  On June 20, 2003 he returned to the clinic for follow up and was seen by Edward Fletcher, M.D., a family practice physician.  Dr. Fletcher had a series of blood tests run and determined that plaintiff had hepatitis C and that he abused alcohol.  The record for that visit does not indicate any fatigue (tr. 155).  Mr. Bailey returned a week later for discussion of his lab results and was referred to Robert Albares, M.D., a gastroenterologist.  There was no indication of fatigue during the June 27, 2003 visit (tr. 154).

Plaintiff saw Dr. Albares on July 23, 2003.  Dr. Albares noted that based on blood tests Mr. Bailey's liver functions were normal.  He also noted that Mr. Bailey drank alcohol daily for 19 years but had quit two weeks previously. His appetite was good, his weight was stable, he denied any nausea or vomiting but said he had occasional abdominal pain associated with constipation although no diarrhea.  He also indicated that he had occasional heartburn.  There was no indication of fatigue.  Dr. Albares indicated that Mr. Bailey needed to be alcohol-free for six months before any treatment could be considered and that he would see him in four months to discuss further treatment (tr. 110-111).

Mr. Bailey returned to Dr. Fletcher at the clinic on August 6, 2003. The intake notation is "needs letter - too weak to work." (Tr. 150). The intake information also indicated that he felt fatigued. On physical examination Dr. Fletcher noted that Mr. Bailey appeared to be ill but not fatigued. The physical examination was otherwise normal (*id.*). That same day, Dr. Fletcher wrote a letter "To Whom It May Concern" in which he certified that Mr. Bailey had been diagnosed with chronic hepatitis C "which causes profound fatigue and weakness and is unable to work for the next six months." (Tr. 149). On August 13, 2003, Mr. Bailey returned to Dr. Fletcher. The intake notes indicate "here for paperwork for disability" and that he had been alcohol-free for 10 days. There was no notation that he was fatigued (tr. 146).

Early the next year, on January 12, 2004 plaintiff returned to Dr. Fletcher stating that he had been to the emergency room the previous Saturday night, although no reason is given and there are no emergency room records in the administrative file. At the bottom of that day's entry Dr. Fletcher wrote that there was a discussion of disability paperwork, and concluded: "I need to find out the _____ _____ in February before deciding on disability status."[1] (Tr. 142). There was no indication on that visit that Mr. Bailey was fatigued (*id.*). Mr. Bailey returned three months later, on March 29, 2004 and indicated that he "feels well." (Tr. 140). Again, there was no indication of fatigue.

Mr. Bailey returned to Dr. Albares on April 8, 2004 complaining of weakness and generalized upper abdominal pain with heartburn and indigestion. His appetite was poor but he had maintained his weight. He complained of frequent nausea but no vomiting. His physical examination was normal and Dr. Albares ordered a liver profile from the lab (tr. 108-109). On May 12, 2004, Mr. Bailey underwent an outpatient liver needle biopsy. The pathologist noted "the overall architecture appears intact without evidence of cirrhosis or evidence of significant portal fibrosis. The portal areas show patchy areas of mild to moderate acute and chronic

---

[1] The doctor's notes are indecipherable.

inflammation (Grade 1 out of 4)." (Tr. 118). The liver itself showed prominent fatty changes (*id.*).

On July 27, 2004 Mr. Bailey was seen by a nurse practitioner at the clinic complaining of arthritis in his feet due to fractures in his heels and ankles several years prior. He was taking Ibuprofen. On physical examination he was noted to be "tired appearing" but otherwise normal (tr. 139). Mr. Bailey returned to the clinic five months later, on December 13, 2004 for a refill on his prescribed Ibuprofen (tr. 138). There is no record that Mr. Bailey has returned to the clinic or been seen by Dr. Fletcher since December 2004.

The next entry in the medical record is dated more over a year later when, on March 12, 2006, Mr. Bailey was hospitalized for epistaxis, a nose bleed. He was treated with nasal packs and Afrin, kept for overnight observation, and discharged the next morning (tr. 178-198).

## DISCUSSION

Mr. Bailey argues that the ALJ erred in failing to credit the opinion of his treating physician and his own testimony that he suffered from profound, disabling fatigue, and that he was disabled from his onset date as a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

Mr. Bailey's argument has two components: that the ALJ did not give his treating physician's opinion appropriate weight, and that the ALJ did not properly support his finding that Mr. Bailey was not fully credible in his subjective complaints of fatigue. Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v.*

*Barnhart*, 357 F.3d 1232, 1240-1241 (11ᵗʰ Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11ᵗʰ Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11ᵗʰ Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11ᵗʰ Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; see also *Lewis,* 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11ᵗʰ Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11ᵗʰ Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. 404.1527(d). However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability. *Johns v. Bowen*, 821 F.2d 551, 555 (11ᵗʰ Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5ᵗʰ Cir. 1980).

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips*, 352 F.3d at 1241. Failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050,

1053 (11th Cir. 1986));[2] *see also Nyberg v. Commissioner of Social Security*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*).

Here the ALJ considered Dr. Edwards' August 6, 2003 letter, but found it entitled to no weight because it was not supported by the medical record. The letter was written in response to Mr. Bailey's request for a letter stating that he was too weak to work. Prior to that visit there was nothing in Dr. Edwards' records, nor in Dr. Albares' notes, indicating fatigue, much less profound fatigue. Also, the letter stated that Mr. Bailey would be unable to work for the ensuing six months. That opinion was never updated, and although there were subsequent, but sporadic, notations of fatigue, there is nothing in the medical record to support Mr. Bailey's claim that he was too exhausted to work. In March 2004 he told Dr. Edwards that he was feeling well, and in July 2004 he told a nurse practitioner at the clinic that his feet hurt due to prior injuries. The nurse practitioner noted that Mr. Bailey was "tired appearing" without further explanation. Five months later Mr. Bailey returned to the clinic to have his ibuprofen refilled, and, according to the medical record, did not return for the next seventeen months, up to and including the date of the ALJ hearing. His *only* medical treatment during that seventeen month period was for a nose bleed. There was substantial record evidence to support the ALJ's finding that Dr. Edwards' one-time opinion was not entitled to any weight.

Concerning Mr. Bailey's claims of fatigue, as this court is well aware, pain and other totally subjective symptoms are treated by the Regulations as symptoms of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." *Accord* 20 C.F.R. § 416.929. The Eleventh Circuit has

---

[2]*MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." 786 F.2d at 1053.

articulated the three-part pain standard, sometimes referred to as the *Hand*[3] test, as follows:

> **In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.**

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D.Fla. 2005). However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be

---

[3]*Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

considered.  *Marbury*, 957 at 839-840;  *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054.  Where he fails to do so, the Eleventh Circuit has stated that it would hold as a matter of law that the testimony is accepted as true.  *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an  explicit finding as to a claimant's credibility, the implication must be obvious to the reviewing court.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.  *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted).  And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence.  *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain.  Those complaints are, after all, subjective.  "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain."  *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[4]  People with objectively identical conditions can experience

---

[4] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49. It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

The same analysis used to consider a plaintiff's subjective complaints of pain is instructive with respect to plaintiff's claims of fatigue. As noted above, the medical record was almost entirely devoid of any complaints of fatigue on Mr. Bailey's part. He testified at the hearing that he was weak most of the time and had to lie down every day for two to three hours (tr. 219-20), but there was nothing in the medical record showing he had ever told his doctors so. Mr. Bailey also testified that he had a biopsy and they had to "take some more of it out," and that he had cirrhosis (tr. 218) , but in fact the biopsy disclosed only mild to moderate inflammation with no evidence of cirrhosis, and there is no medical record that any part of Mr. Bailey's liver was removed other than during the needle biopsy (tr. 118). The record also showed only conservative care. The ALJ reviewed these facts and found Mr. Bailey's testimony inconsistent with the medical record (tr. 20-21).

There was substantial record evidence to support the ALJ'S treatment of the letter opinion of Dr. Edwards as well as the testimony of Mr. Bailey, and Mr. Bailey is not entitled to reversal.

Accordingly, it is respectfully RECOMMENDED that the Commissioner's decision be AFFIRMED, that judgment be entered in favor of the defendant, and that the clerk be directed to close the file.

At Pensacola, Florida this 27th day of August, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**